Coon, J.
Decedent was driving a light truck in a northerly direction on State Highway Routes 4 and 29 a short distance south of Northumberland, when tracks indicate his vehicle left the highway on the east side at nearly right angles and traveled approximately thirty-five feet down a gradual incline into the Hudson River, where it was completely submerged. The record does not disclose that the accident was witnessed. Decedent was observed standing in water about to his waist by a nearby resident, and after considerable delay, another person went to his rescue. As he was being assisted ashore, decedent collapsed without having spoken a word, and was dead upon the arrival of a doctor. Autopsy revealed that he died of a complete blocking of the two main branches of the left coronary artery. There was evidence of pre-existing heart injury. There were no marks on the body.
The highway at the point involved was 20% feet wide, straight and level, and at the time was covered with a coating of ice and was very slippery. Approximately 90 feet south of the point where decedent’s vehicle left the road was the extreme north end of an 8% curve, 108.28 feet long. A guardrail consisting of cement posts and two cables extended along the east side of the highway for the whole distance of the curve and extended 41 feet northerly from the north end of the curve. There is no evidence of any state of disrepair or defect in the highway. There is no evidence in the record indicating what caused decedent’s vehicle to leave the highway. Whether it skidded solely because of the icy condition, whether decedent suffered a heart attack, or whether it was due to some other reason, is purely speculative.
Appellant urges that the State was negligent because there was no guardrail at the point where the decedent’s vehicle left *454 the road. Claimant called an expert who expressed an opinion that the existing guardrail should have extended 100 to 150 feet farther north. The State presented no evidence. The physical facts shown in the record do not justify such an opinion. There was no such unusual danger or foreseéable hazard at the point involved to suggest that a guardrail was necessary for the reasonable protection for travel generally. The proximate cause of the accident is speculative, and lack of reasonable care on the part of the State was not established.
The judgment should be affirmed, without costs.
Foster, P. J., Heeeernan, Brewster and Bergan, JJ., concur.
Judgment affirmed, without costs.